## BROWN v SWOBODA

Ohio Appeals, 6th Dist, Lucas Co

No 2924. Decided May 21, 1934

Holloway, Peppers & Romanoff, Toledo, for plaintiff in error.

Smith, Baker, Effler & Eastman, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

In our judgment, the only reversible error in the record is in the giving of the following in the general charge:

"Now, ladies and gentlemen of the jury, these sections of the General Code and these ordinances of the City of Toledo which have been read to you, fixed the duty of the plaintiff while he was riding his motorcycle at the time and place set forth in his amended petition, and a violation of said statute or of said ordinance in any particular proximately causing injury and damage to plaintiff would constitute contributory negligence, or failure to exercise ordinary care."

Manifestly, a motorcycle policeman is not bound to obey speed regulations in pursuing a criminal or a speed violator, nor any other provisions of statute or ordinance which prevents him from discharging his duty in this respect; otherwise criminals would be allowed to escape. Such officer is bound to exercise ordinary care and, perhaps, he is required to obey such enactments as to safety as do not interfere with the performance of duty.

Reynolds v Hart, 6 Ohio Law Abstract, 301;

Balthaser v Pacific. Elec. Ry. Co., 202 Pac., 37; 19 A.L.R., ·452.

Just before the portion of :the charge quoted, the court gave to the· jury the provisions of §12603, **GC**, including the requirement that a driver should drive at such a speed as would permit him to stop within the . assured. clear distance ahead. The court had .also, previous .to the giving of the charge quoted,. quoted a .passage from an ordinance. of the City of Toledo which prohibits the driver of a vehicle to pass another vehicle at a street intersection while said vehicle is going in the same direction, except at street intersections at which a traffic control light is installed or unless directed .by a traffic officer. In the charge quoted above, therefore, the trial judge in effect told the jury that the driver of a police vehicle would be guilty of contributory negligence in violating .either this section of the. statutes or the ordinance. Such action constituted prejudicial error because a police officer, in pursuit of an alleged lawless speeder, was not bound to observe such provisions of the statutes or ordinance.

We do not approve giving of defendant's requests 1 and 3, but in view of the answer to the special interrogatory to the effect that the plaintiff was guilty of contributory negligence, the giving of such requests was not prejudicial error.

For the reasons given the judgment will be reversed· and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.